THOMAS P. QUINN, JR. (SBN 132268)
NOKES & QUINN APC
410 BROADWAY, STE 200
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

Attorneys for Defendant EQUIFAX, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA MESSANO,<br><br>  Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>  Defendants. | Case No.: 3:16-cv-05697-HSG<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY DEFENDANT EQUIFAX, INC.**<br><br>**Date: March 2, 2017**<br>**Time: 2:00 p.m.**<br>**Courtroom:  10, 19th Floor**<br><br>**The Honorable Haywood S. Gilliam, Jr.** |

NOKES & QUINN
410 Broadway Street
Laguna Beach, CA 92651
(949) 376-3500

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 2, 2017 at 2:00 p.m. in Courtroom 10, 19th Floor of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable Haywood S. Gilliam, Jr. presiding, Defendant Equifax, Inc. will and hereby does move this Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the Complaint filed by Plaintiff Lisa Messano against it on the grounds that Plaintiff's Complaint, and each cause of action asserted therein, fails to state a claim upon which relief may be granted.

This Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, all the papers on file in this action, and any further evidence or argument that the Court may consider.

Dated:  December 22, 2016          NOKES & QUINN

                                    /s/ Thomas P. Quinn, Jr.
                                   THOMAS P. QUINN, JR.
                                   Attorneys for Defendant
                                   EQUIFAX, INC.

-1-

DEFENDANT EQUIFAX, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION ................................................................................................................. 1

II.  STATEMENT OF FACTS .................................................................................................... 2

III. LEGAL STANDARD ........................................................................................................... 4

IV.  LEGAL ARGUMENT .......................................................................................................... 5

   A. Plaintiff Has Not Pled the Existence of an Actionable Inaccuracy. ................................ 5

   B. Equifax is Not Capable of Determining, Nor Required to Determine, the Legal Status of Plaintiff's Debts with Creditors under the FCRA. ................................................................ 7

   C. Plaintiff Fails to Plead Willfulness or Negligence. ......................................................... 9

   D. The Court Should Dismiss the Complaint Without Leave to Amend. .......................... 10

V.  CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Abbot v. Experian Info. Solutions, Inc.*, 179 F. Supp. 3d 940, 2016 WL 1365950 (N.D. Cal. Apr. 6, 2016) ................................................................................................................................ 1

*Adkins v. Experian Info. Solutions, Inc.*, No. 5:16-cv-02150-EJD, 2016 WL 6841700 (N.D. Cal. Oct. 7, 2016) .................................................................................................................. 1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................................. 4, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ................................................................ 4

*Biggs v. Experian Info. Solutions, Inc.*, No. 5:16-cv-01507-EJD, 2016 U.S. Dist. LEXIS 130742, at *5-9 (N.D. Cal. Sept. 22, 2016) ................................................................................... 1

*Blakeney v. Experian Info. Solutions, Inc.*, No. 15-CV-05544-LHK, 2016 WL 4270244 (N.D. Cal. Aug. 15, 2016) ......................................................................................................... 1, 6

*Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ....................... 6, 8, 9, 10

*Channing v. Equifax, Inc.*, 11-cv-293, 2013 WL 593942 (E.D.N.C. Feb. 15, 2013) ..................... 1

*DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) ............................................ 8, 9

*Denison v. CitiFinancial Servicing, LLC,* No. C 16-00432 WHA, 2016 WL 3443380, at *1 (N.D. Cal. June 23, 2016) ................................................................................................... 10

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d, 1147, 1153 (9th Cir. 2009) ......................... 9, 10

*Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL 1378777 (E.D. Mich. Apr. 8, 2014) ................. 1

*Hupfauer v. Citibank, N.A.,* No. 16 C 475, 2016 U.S. Dist. LEXIS 112227, at *22-23 (N.D. Ill. Aug. 19, 2016) ...................................................................................................................... 9

*Jaras v. Experian Info. Solutions, Inc.*, No. 5:16-cv-03336-LHK, Doc. 54 (N.D. Cal. Dec. 19, 2016) .............................................................................................................................. 1, 10

*Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ................................................................. 8

*Kruse v. Experian Info. Solutions, Inc.*, 471 F. App'x 714, 715 (9th Cir. 2012) ........................... 6

*Mestayer v. Experian Info. Solutions, Inc.*, Nos. 15-cv-03645-EMC, 15-cv-03650-EMC, 2016 WL 3383961, at *2 (N.D. Cal. June 20, 2016) ...................................................................... 7

NOKES & QUINN
410 Broadway Street
Laguna Beach, CA 92651
(949) 376-3500

*Mestayer v. Experian Info. Solutions, Inc.*, Nos. 15-cv-03645-EMC, 15-cv-03650-EMC, 2016 WL 631980, at *4 (N.D. Cal. Feb. 17, 2016)..................................................................................4

*Mortimer v. Bank of America, N.A.*, ("*Mortimer v. Bank of America*"), No. C-12-01959-JCS, 2013 WL 1501452, at *10 (N.D. Cal. Apr. 10, 2013)........................................................1, 7

*Mortimer v. JP Morgan Chase Bank, N.A. ("Mortimer v. Chase")*, No. C 12-1936-CW, 2012 WL 3155563, at *3 (N.D. Cal. August 2, 2012) .......................................................................6, 7

*Ransom v. Equifax, Inc.*, No. 09-80280, 2010 WL 1258084 (S.D. Fla. Mar. 30, 2010)..................1

*Riekki v. Bayview Fin. Loan Servicing*, No. 2:15-cv-2437-JCM-GWF, 2016 WL 4083216, at *1 (D. Nev. July 28, 2016) ..................................................................................................5

*Slice v. Choicedata Consumer Servs., Inc.*, No. 04-cv-428, 2005 WL 2030690 (E.D. Tenn. Aug. 23, 2005)........................................................................................................................1

*Tenn. Student Assist. Corp. v. Hood*, 541 U.S. 440, 447 (2004) .....................................................8

*Thompson v. Bank of Am., N.A.*, 2015 WL 355707, at *2 (N.D. Cal. Jan. 27, 2015) ....................10

**Statutes**

11 U.S.C. § 1328(a)..........................................................................................................................6

15 U.S.C. § 1681i..........................................................................................................................4, 5

15 U.S.C. § 1681i(a).........................................................................................................................5

15 U.S.C. § 1681i(a)(1) ....................................................................................................................9

15 U.S.C. § 1681s-2(b).....................................................................................................................4

15 U.S.C. §§ 1681n,o .....................................................................................................................10

California Civil Code § 1785.25(s) ..................................................................................................4

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*........................................................................1

**Other Authorities**

Federal Rule of Civil Procedure 15(a) ...........................................................................................10

Federal Rule of Civil Procedure Rule 12(b)(6)................................................................................4

- iii -
DEFENDANT EQUIFAX, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

NOKES & QUINN
410 Broadway Street
Laguna Beach, CA 92651
(949) 376-3500

## I. INTRODUCTION

Plaintiff Lisa Messano's ("Plaintiff's") Complaint is one of over **230** nearly identical and conclusory complaints filed in this district this year against Equifax, Inc.[1] ("Equifax") (and other Credit Reporting Agencies and data furnishers) by the same law firm.  Plaintiff's Complaint, like the many others, alleges a theory of liability under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*, ("FCRA") (and analogous California statute titled California Consumer Credit Reporting Agencies Act) that the reporting of adverse information about credit accounts during a pending Chapter 13 bankruptcy is inaccurate. This legal theory has been rejected repeatedly by courts in this District.[2]

Here, Plaintiff alleges that Equifax violated the FCRA because Plaintiff's account information furnished by co-defendant Creditor Bank of America, National Association ("Bank of America"), and allegedly reported by Equifax was inaccurate.  Plaintiff does not allege her debts have been discharged in bankruptcy; in fact, Plaintiff's bankruptcy case is currently ongoing.  Apparently, according to Plaintiff, the mere confirmation of her Chapter 13 bankruptcy plan should have immediately resulted in no derogatory information being reported on her Bank of America accounts.  That, however, is not the law.  Plaintiff's Complaint should be dismissed for three independent reasons.

First, Plaintiff has not pled that Equifax's credit reporting was inaccurate,

---

[1] Equifax, Inc. is not a "consumer reporting agency" ("CRA") as that term is defined by the FCRA, and, therefore, is not a proper party to this action. *See Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL 1378777 (E.D. Mich. Apr. 8, 2014); *Slice v. Choicedata Consumer Servs., Inc.*, No. 04-cv-428, 2005 WL 2030690 (E.D. Tenn. Aug. 23, 2005); *Ransom v. Equifax, Inc.*, No. 09-80280, 2010 WL 1258084 (S.D. Fla. Mar. 30, 2010); *Channing v. Equifax, Inc.*, 11-cv-293, 2013 WL 593942 (E.D.N.C. Feb. 15, 2013).  Nevertheless, for purposes of this Motion, Equifax will address the merits of Plaintiff's Complaint as pleaded.

[2] *See, e.g., Mortimer v. Bank of America, N.A.*, ("*Mortimer v. Bank of America*"), No. C-12-01959-JCS, 2013 WL 1501452, at *10 (N.D. Cal. Apr. 10, 2013); *Abbot v. Experian Info. Solutions, Inc.*, 179 F. Supp. 3d 940, 2016 WL 1365950 (N.D. Cal. Apr. 6, 2016); *Blakeney v. Experian Info. Solutions, Inc.*, No. 15-CV-05544-LHK, 2016 WL 4270244 (N.D. Cal. Aug. 15, 2016); *Adkins v. Experian Info. Solutions, Inc.*, No. 5:16-cv-02150-EJD, 2016 WL 6841700 (N.D. Cal. Oct. 7, 2016); *Jaras v. Experian Info. Solutions, Inc.*, No. 5:16-cv-03336-LHK, Doc. 54 (N.D. Cal. Dec. 19, 2016).

---

- 1 -
DEFENDANT EQUIFAX, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS

which is required to state a claim under the FCRA. This Plaintiff cannot do because the historical derogatory reporting of an account during the pendency of a bankruptcy proceeding is not inaccurate under the FCRA. Second, Plaintiff's Complaint centers around the allegation that the confirmation (not completion) of her bankruptcy plan had the legal effect of immediately and permanently overriding the contractual terms of Plaintiff's debts with Bank of America. Equifax is not capable of resolving a legal dispute between Plaintiff and her creditors over how the accounts at issue should be reported during the pendency of her bankruptcy case, nor is Equifax obligated to do so under the FCRA. Because Plaintiff's entire claim is premised on the **legal impact** that the confirmation of her bankruptcy plan may have had on her various account obligations, Plaintiff cannot state a cause of action under the FCRA against Equifax. Third, Plaintiff fails to allege that Equifax acted either willfully or negligently, as required under the FCRA. Permitting Plaintiff to amend her Complaint would be futile. For all the foregoing reasons, Equifax's Motion should be granted with prejudice.

## II.   STATEMENT OF FACTS

Plaintiff alleges she filed for Chapter 13 bankruptcy on February 27, 2012. (Compl., ¶ 93.) Her plan of financial reorganization was confirmed on April 20, 2012. (*Id*., ¶ 97.) Plaintiff, however, does not allege that her bankruptcy has been discharged.[3]

On February 26, 2016, Plaintiff alleges she obtained a three bureau report from Experian Information Solutions, Inc. and "noticed **7** different trade lines…all reporting inaccurate, misleading, or incomplete information that did not comport with credit reporting industry standards. Specifically, multiple trade lines continued to report Plaintiff's accounts with past due balances, late payments, open,

---

[3] In fact, Plaintiff's bankruptcy (Petition 12-41740, Northern District of California (Oakland)) has not been discharged as of December 21, 2016, according to PACER.

NOKES & QUINN
410 Broadway Street
Laguna Beach, CA 92651
(949) 376-3500

- 2 -
DEFENDANT EQUIFAX, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS

and/or repossessed." (Compl., ¶¶ 98-99 (emphasis in original).)  Plaintiff alleges that on July 11, 2016, she disputed the perceived inaccuracies with Equifax and other CRAs, and that each CRA sent each creditor notification that Plaintiff was disputing the accuracy of what it was reporting to them.[4]  (*Id*., ¶¶ 100-102.)

Plaintiff then alleges that she pulled a second three bureau report from Experian on August 16, 2016 "to ensure Plaintiff's accounts had been updated" and found that several of the Creditor Defendants continued to report account information that was inconsistent with her bankruptcy plan.  (Compl., ¶¶ 103-106.)  Plaintiff complains about two Bank of America accounts.  Specifically, Plaintiff states that the Bank of America account 1546xxx was reporting "as in collections and charged off, despite the Court ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization."  (*Id.*, ¶ 105.)  Plaintiff states that "Defendant negligently failed to file a proof of claim, thus the trustee is not making payment to Defendant" and "[a]ll payments currently owed to Defendant have been made," but does not state when the account was paid in full.  (*Id.*)

In addition, Plaintiff alleges that Bank of America account xxxx was reporting with "a balance in the amount of $23,089.00 despite the Court ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization." (Compl., ¶ 106.)  Plaintiff claims that the "terms of the plan show that this claim is to be treated as an unsecured debt" and that Defendant Bank of America "filed a proof of claim in the amount of $26,536.00." (*Id.*)  Plaintiff further alleges that the "trustee's accounting shows that there has been a disbursement of funds totaling $4,451.44 and that the principle owed on the account totals $511.85." (*Id.*)

Ultimately, Plaintiff asserts that Equifax "failed to conduct a reasonable

---

[4] Elsewhere in the Complaint, Plaintiff inconsistently alleges that "the most basic investigation" of his dispute required each CRA to send "all relevant information" to the furnishers and that the CRAs "did not do" this. (Compl., ¶ 121.)

NOKES & QUINN
410 Broadway Street
Laguna Beach, CA 92651
(949) 376-3500

investigation and failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all." (Compl., ¶ 122.)

Plaintiff alleges a single claim against Equifax under 15 U.S.C. § 1681i of the FCRA.[5] (Compl., ¶¶ 119-133.) Plaintiff's state law claim is alleged not against Equifax but against Creditor Defendant Bank of America.[6]  (Compl., ¶¶ 134-143.)

### III.   LEGAL STANDARD

Equifax moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure Rule 12(b)(6) because Plaintiff's Complaint does not allege facts sufficient to show that her claims are plausible.  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility."  *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court must take the plaintiff's factual allegations as true.  However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678–79.  Indeed, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted).  Rather, the

---

[5] To the extent Plaintiff alleges that Equifax violated 15 U.S.C. § 1681s-2(b) of the FCRA (Compl., First Cause of Action), that section applies only to "furnishers," not CRAs like Equifax.

[6] Nor could Plaintiff plead a § 1785 claim against Equifax. California Civil Code § 1785.25(s), applies not to CRAs like Equifax but to "furnishers."  California district courts have consistently dismissed a § 1785.25 claim when the analogous FCRA claim fails, as the one alleged here does for the reasons set forth in this Motion.  *See, e.g., Mestayer v. Experian Info. Solutions, Inc.*, Nos. 15-cv-03645-EMC, 15-cv-03650-EMC, 2016 WL 631980, at *4 (N.D. Cal. Feb. 17, 2016) (holding that plaintiff's § 1785.25 claim failed for the same reason that the 1681s-2(b) claim failed).

DEFENDANT EQUIFAX, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

NOKES & QUINN
410 Broadway Street
Laguna Beach, CA 92651
(949) 376-3500

allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' ... liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" (citation omitted)).  "When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed."  *Riekki v. Bayview Fin. Loan Servicing*, No. 2:15-cv-2437-JCM-GWF, 2016 WL 4083216, at *1 (D. Nev. July 28, 2016) (citation omitted).

## IV.   LEGAL ARGUMENT

### A.   Plaintiff Has Not Pled the Existence of an Actionable Inaccuracy.

Plaintiff alleges that Equifax "failed to conduct a reasonable investigation" of the information as required by the FCRA. (Compl., ¶¶ 122, 128.) Reinvestigations of disputed information by CRAs are covered by 15 U.S.C. § 1681i, "Procedure in case of disputed accuracy." That section of the FCRA generally provides that if the "completeness or accuracy" of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency of such dispute, the CRA "shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a).

In order to state a prima facie claim under the FCRA for failure to perform a reasonable reinvestigation, Plaintiff must allege, among other elements, that an inaccuracy existed in her credit report. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (holding that although the FCRA "does not on its face

NOKES & QUINN
410 Broadway Street
Laguna Beach, CA 92651
(949) 376-3500

- 5 -
DEFENDANT EQUIFAX, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS

require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement"); *Kruse v. Experian Info. Solutions, Inc.*, 471 F. App'x 714, 715 (9th Cir. 2012) (holding that inaccuracies in credit report were required to maintain FCRA claim); *Mortimer v. JP Morgan Chase Bank, N.A. ("Mortimer v. Chase")*, No. C 12-1936-CW, 2012 WL 3155563, at *3 (N.D. Cal. August 2, 2012) ("This [FCRA] claim is insufficiently alleged because Mortimer has not asserted that [the bank] reported incomplete or inaccurate information in the first place.").

Here, Plaintiff alleges that despite her dispute, the Bank of America accounts continued to report inaccurate information. Specifically, Plaintiff points to: (1) the Bank of America account 1546xxx reporting "as in collections and charged off;" and (2) the Bank of America account xxxx reporting with "a balance in the amount of $23,089.00." (Compl., ¶¶ 105-106.)

Plaintiff does not allege that Equifax was reporting the original debts with these furnishers incorrectly, that she did not incur the debts, or that she has obtained a discharge of these debts through her bankruptcy. Instead, Plaintiff apparently alleges that due to the confirmation (not completion) of her bankruptcy plan, her original debt obligations were to be modified. However, as courts in this district have recently held in other cases brought by Plaintiff's own attorney, "[c]onfirmation of [a] Chapter 13 bankruptcy plan is not equivalent to discharge of [a debtor's] debts," which does not occur "until Plaintiff has completed all payments provided for under the Chapter 13 bankruptcy plan." *Blakeney v. Experian Sols., Inc.*, No. 15-CV-05544-LHK, 2016 WL 4270244, at *6 (N.D. Cal. Aug. 15, 2016). At the end of the plan's term and "after completion by the debtor of **all** payments under the plan," the debtor is granted a discharge of the debts. 11 U.S.C. § 1328(a) (emphasis added).

Courts within this District and elsewhere have consistently held that the

furnishing of delinquencies or a balance during the pendency of a bankruptcy (and prior to discharge) is not inaccurate under the FCRA. *See Mortimer v. Bank of America*, *N.A.*, 2013 WL 1501452, at *10 ("the FCRA does not prohibit the accurate reporting, after discharge, of debts that were delinquent during the pendency of the bankruptcy action…[r]eporting this information is neither inaccurate nor misleading."); *Mortimer v. Chase*, 2012 WL 3155563, at *2-4 (dismissing complaint where plaintiff alleged that creditor furnished delinquencies on account after plaintiff filed bankruptcy; court held that such information was not inaccurate under the FCRA). Thus, Plaintiff has failed to state a claim against Equifax for failure to perform a reasonable reinvestigation because there has been no actionable inaccuracy[7] in the reporting of these accounts on Plaintiff's credit file, and the Complaint should be dismissed against it.

### B. Equifax is Not Capable of Determining, Nor Required to Determine, the Legal Status of Plaintiff's Debts with Creditors under the FCRA.

Plaintiff's apparent position is that because the Bankruptcy Court modified her contractual obligations, the reporting of the Bank of America accounts was inaccurate even though her bankruptcy proceeding has not been discharged. This is a position with which the furnishers presumably disagree, as after the dispute and reinvestigation Plaintiff alleges the disputed account information remained on his credit file. (Compl., ¶ 111.)

First, Plaintiff's position does not accord with general bankruptcy principles regarding when a debtor's personal liability on a debt is extinguished. Under

---

[7] To the extent Plaintiff is alleging that the reporting was inaccurate because it did not comply with the Metro 2 guidelines promulgated by the Consumer Data Industry Association ("CDIA"), Plaintiff's contention also fails. Courts have rejected the argument that such reporting that does not adhere to the CDIA or Metro 2 guidelines, absent a showing of inaccuracy, violates the FCRA. *See, e.g., Mortimer v. Bank of America*, 2013 WL 1501452, at *12 ("[F]ailure to comply with the CDIA guidelines does not render [a] report incorrect"); *Mestayer v. Experian Info. Solutions, Inc*., Nos. 15-cv-03645-EMC, 15-cv-03650-EMC, 2016 WL 3383961, at *2 (N.D. Cal. June 20, 2016) (finding allegation of failure to comply with Metro 2 standards insufficient to allege inaccuracy, even where accompanied by allegation that such failure "may prompt those making credit decision to draw a more negative inference.").

bankruptcy law, the event of discharge extinguishes personal liability.  *See, e.g., Tenn. Student Assist. Corp. v. Hood*, 541 U.S. 440, 447 (2004) ("The discharge order releases a debtor from personal liability with respect to any **discharged** debt by voiding any past or future judgments on the debt and by operating as an injunction to prohibit creditors from attempting to collect or to recover the debt.") (emphasis added); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) (explaining the distinction between *in personam* and *in rem* liability and noting that a bankruptcy discharge extinguishes personal liability only).

Here, Plaintiff does not allege that she has received a discharge order in her underlying bankruptcy.  Rather, her argument concerns the reporting of accounts during the pendency of her bankruptcy.  Whether the **confirmation** (not completion) of her bankruptcy plan had the legal effect of immediately and permanently overriding the contractual terms of Plaintiff's debts with Bank of America is a legal dispute Equifax is unable to resolve.  Nor would it be appropriate to require Equifax to try to determine the legal status of Plaintiff's debt prior to its discharge based on the specific language of her Chapter 13 plan.  Credit reporting agencies are not "tribunals;" rather "[t]hey simply collect and report information furnished by others." *Carvalho*, 629 F.3d at 891.  "Because CRAs are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims." *Id*. at 891; *see also DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) (holding that plaintiff failed to allege factual inaccuracy in his credit report because the legal status of his mortgage was a "question[] that can only be resolved by a court of law" and a "legal issue that a credit agency . . . is neither qualified nor obligated to resolve under the FCRA"); *Hupfauer v. Citibank, N.A.,* No. 16 C 475, 2016 U.S. Dist.

LEXIS 112227, at *22-23 (N.D. Ill. Aug. 19, 2016) (dismissing clam because alleged inaccuracy that requires a third party to "scour" a bankruptcy file and make judgments about which debts are included "is precisely the kind of legal question that credit reporting agencies are neither qualified nor obligated to answer"). The Court's reasoning in *Carvalho* is especially instructive here:

> We agree that reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts. "With respect to the accuracy of disputed information, the CRA is a third party, lacking any direct relationship with the consumer, and its responsibility is to '*re* investigate' a matter once already investigated in the first place." *Gorman,* 584 F.3d at 1156–57 (quoting 15 U.S.C. § 1681i(a)(1)). Hence, a consumer disputing the legal validity of a debt that appears on her credit report should first attempt to resolve the matter directly with the creditor or furnisher, which "stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." *Id.* at 1156. A CRA is not required as part of its reinvestigation duties to provide a legal opinion on the merits. Indeed, determining whether the consumer has a valid defense "is a question for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA." *DeAndrade,* 523 F.3d at 68.

*Carvalho,* 629 F.3d at 892.

### C.   Plaintiff Fails to Plead Willfulness or Negligence.

Plaintiff fails to allege that Equifax acted either willfully or negligently, as required for Plaintiff to have a private right of action under the FCRA. *See Jaras v. Experian Information Solutions, Inc., et al.*, No. 5:16-cv-03336-LHK, Doc. 54 (N.D. Cal. Dec. 19, 2016) (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d

NOKES & QUINN
410 Broadway Street
Laguna Beach, CA 92651
(949) 376-3500

1147, 1154 (9th Cir. 2009); 15 U.S.C. §§ 1681n,o). Because Plaintiff fails to allege that Equifax violated the FCRA willfully or negligently, Plaintiff's Complaint should be dismissed. *See id.; see also Thompson v. Bank of Am., N.A.*, 2015 WL 355707, at *2 (N.D. Cal. Jan. 27, 2015 (dismissing FCRA claim when plaintiff alleged the defendant acted "knowingly and willfully" without providing any factual basis for the allegation).

### D. The Court Should Dismiss the Complaint Without Leave to Amend.

Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires, but courts may exercise their discretion and dismiss with prejudice "where amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Denison v. CitiFinancial Servicing, LLC,* No. C 16-00432 WHA, 2016 WL 3443380, at *1 (N.D. Cal. June 23, 2016) (dismissing FCRA reinvestigation claim with prejudice); *see also Carvalho*, 629 F.3d at 893 (district court holding that amendment of Carvalho's claims would be futile because they "clearly [were] foreclosed by the inaccuracy requirement[s]"). In *Carvalho*, the Ninth Circuit agreed with the district court: "[b]ecause we hold that Carvalho cannot make a prima facie case of inaccurate reporting, we conclude that amendment to include other claims requiring inaccuracy would be futile. Therefore, the district court properly concluded that 'there was no need to prolong the litigation by permitting further amendment.'" 629 F.3d. at 893 (citations omitted). Any amendment in this case would likewise be futile.

### V. CONCLUSION

For all the reasons above, Equifax respectfully requests that the Court grant its Motion to Dismiss without leave to amend.

Dated:  December 22, 2016        NOKES & QUINN
                                  /s/ Thomas P. Quinn, Jr.

NOKES & QUINN
410 Broadway Street
Laguna Beach, CA 92651
(949) 376-3500

- 10 -
DEFENDANT EQUIFAX, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

| | |
|---|---|
| 1 | THOMAS P. QUINN, JR. |
| 2 | Attorneys for Defendant<br>EQUIFAX, INC. |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

- 11 -
DEFENDANT EQUIFAX, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

# CERTIFICATE OF SERVICE
**Lisa Messano v. Experian Information Solutions, Inc., et al.**
**Case No.: 3:16-cv-05697-HSG**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

On **December 22, 2016**, I served a true copy of:

**DEFENDANT EQUIFAX, INC.'S**

**NOTICE OF MOTION AND MOTION TO DISMISS**

[ ]   By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B);

[ ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following;

[X]   By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/ Thomas P. Quinn, Jr.
THOMAS P. QUINN, JR.

Place of Mailing: Laguna Beach, California.

Executed on **December 22, 2016** at Laguna Beach, California.

NOKES & QUINN
410 Broadway Street
Laguna Beach, CA 92651
(949) 376-3500

- 12 -
DEFENDANT EQUIFAX, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

# SERVICE LIST

Elliot Wayne Gale
Scott Joseph Sagaria
Sagaria Law, P.C.
2033 Gateway Place, 5th Floor
San Jose, CA 95110
408-279-2288
Fax: 408-279-2299
Email: egale@sagarialaw.com
Email: sjsagaria@sagarialaw.com
*Attorneys for Plaintiff*

Heather Nicole Fugitt
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3939
Fax: 650-739-3900
Email: hfugitt@jonesday.com
*Attorneys for Defendant Experian Information Solutions, Inc.*