UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MESSANO,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-05697-HSG<br><br>**ORDER DISMISSING PLAINTIFF'S FCRA CLAIM AGAINST EQUIFAX AND DIRECTING PLAINTIFF TO FILE STATEMENT RE: FCRA CLAIM AGAINST BANK OF AMERICA** |

On October 5, 2016, Plaintiff filed the current suit against Experian Information Solutions, Inc. ("Experian"); Bank of America, National Association ("Bank of America"); and Equifax, Inc. ("Equifax"). Dkt. No. 1 ("Compl."). Plaintiff asserted claims against all defendants under the Fair Credit Report Act ("FCRA"), as well as a claim under the California Consumer Credit Reporting Agencies Act ("CCCRA") against Bank of America. *Id.* ¶¶ 109–43 (citing 15 U.S.C. §§ 1681i(a)(1), 1681s-2(b); Cal. Civ. Code § 1785.25(a)).[1]

On May 8, 2017, the Court granted Equifax's motion to dismiss Plaintiff's FCRA claim, with leave to amend within 28 days. Dkt. No. 56. The June 5, 2017 deadline to amend has passed and Plaintiff has filed neither an amended complaint nor a notice of intent not to file an amended complaint. Dismissal is therefore warranted under Rule 41(b). *See* Fed. R. Civ. P. 41(b); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal.").

---

[1] Plaintiff cited § 1681s-2(b) as a basis of only her FCRA claim against Bank of America, not her FCRA claims against Experian and Equifax. *Compare* Compl. ¶ 110 (Bank of America) *with id.* ¶¶ 120, 123. Plaintiff also asserted FCRA and CCCRA claims against Does 1–100. *Id.* ¶¶ 109–43.

The Court thus **DISMISSES** Plaintiff's FCRA claim against Equifax.

On May 31, 2017, the Court granted the stipulation for dismissal with prejudice as to Experian. Dkt. No. 60. The only remaining defendant in this case, Bank of America, has so far failed to appear, despite being served with the summons, complaint, and civil cover sheet. Dkt. No. 15. It is not clear whether Plaintiff intends to proceed with her FRCA claim against Bank of America. Therefore, the Court **DIRECTS** Plaintiff, by June 15, 2017, to file either (1) a statement of one page or less indicating that she intends to proceed with her FCRA claim against Bank of America, or (2) a notice of dismissal of under Rule 41(a)(1)(A). *See* Fed. R. Civ. P. 41(a)(1)(A) ("[T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."). If Plaintiff decides to proceed, the Court will order Plaintiff and Bank of America to appear at a further case management conference. If Plaintiff fails to make one of the required filings described above by June 15, 2017, she will risk dismissal of her FCRA claim against Bank of America under Rule 41(b).[2]

**IT IS SO ORDERED.**

Dated: 6/9/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] If Plaintiff declines to proceed with her FCRA claim against Bank of America, the Court will decline to exercise supplemental jurisdiction over her CCCRA claim against that defendant. *See* 28 U.S.C. § 1367(c)(3); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).

2